IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES RAYMOND NOEL <u>et al.</u>      :
                                        :
v.                                      :  Civil No. WMN-06-2069
                                        :
OFFICER CARLOS ARTSON <u>et al.</u>     :

<u>**MEMORANDUM**</u>

Before the Court is Plaintiffs' Motion to Disqualify Expert Witness.  Paper No. 16.  In this excessive force case, Plaintiffs contend that the Court should disqualify Defendants' expert witness on police practices and standards, Charles J. Key, on the ground that he had previously been interviewed by Plaintiffs' counsel as a potential expert for Plaintiffs.  The motion is ripe.  Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion should be denied.

On or about August 22, 2006, Plaintiffs' counsel Robert Landolt interviewed Mr. Key by telephone and spoke with him for between 40 minutes and an hour.  Landolt Aff. ¶ 3.  Landolt avers that, during the conversation, he discussed in detail his theory of the case and "incorporated into the discussion several facts which [he] had gathered in interviews with [his] clients." <u>Id.</u> He relates that "[a]t no time, did Mr. Key say that our conversation was not confidential.  I would not have discussed the case with Mr. Key if I had been informed that he was free to consult with our opponents or anyone else." <u>Id.</u> ¶ 4.

In his own affidavit concerning the interview, Mr. Key

states that, as he does in every case where he has previously served as a witness for the governmental entity involved, he "advised Mr. Landolt that [he] had previously worked as a consultant for Baltimore County in two other cases," and that he "did not want to be conflicted out as an expert by [the] conversation in the event he was contacted by Baltimore County to review the case."  Key Aff. ¶ 4.  Key also states that, while Mr. Landolt provided him with some of the facts of the case, "Mr. Landolt did not tell me anything that is not contained in the police reports and/or newspaper accounts of the incident."  Id. ¶ 5.  Although Key was later contacted and retained by Defendants, he avers that he did not discuss with Defendants' counsel "any information that [he] received from [Plaintiffs'] attorney, nor did [Defendants' counsel] ask."  Id. ¶ 6.

The Court has the inherent power to disqualify experts. That power derives from the necessity to protect privileges which may be breached when an expert switches sides, and from the necessity to preserve public confidence in the fairness and integrity of judicial proceedings.  Paul v. Rawlings Sporting Goods Co., 123 F.R.D. 271, 278 (S.D. Ohio 1988).  Courts, however, are generally reluctant to disqualify expert witnesses. Palmer v. Ozbek, 144 F.R.D. 66, 67 (D. Md. 1992). "'[D]isqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary.'"  United States v. Salamanca, 244 F. Supp. 2d 1023, 1025 (D.S.D. 2003) (quoting Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. 1993)).

To determine whether to disqualify an expert witness based upon previous contact with an opposing party, courts have adopted a two-prong test. Wang Laboratories, Inc. v. Toshiba Corp., 762 F. Supp. 1246, 1248 (E.D. Va. 1991). First, the Court must determine "whether the attorney or client acted reasonably in assuming that a confidential relationship of some sort existed [with the expert], and, if so, whether the relationship developed into a matter sufficiently substantial to make disqualification or some other judicial remedy appropriate." Palmer, 144 F.R.D. at 67 (quoting Paul, 123 F.R.D. at 278). The focus of the second part of that inquiry is whether any confidential or privileged information was actually disclosed to the expert. Wang Laboratories, 762 F. Supp. at 1248. The party seeking disqualification bears the burden of proving both elements, and disqualification is "likely inappropriate" if either inquiry yields a negative response. Id.

The Court finds that Plaintiffs have not established that Landolt had a reasonable expectation of a confidential relationship with Key during the exploratory telephone conversation. Landolt makes no claim that he ever expressly indicated that he considered the conversation confidential. By asserting that "[a]t no time, did Mr. Key say that our conversation was not confidential" Landolt is shifting the responsibility for communicating the need for confidentiality to the wrong end of the conversation. "Lawyers bear a burden to make clear to consultants that . . . a confidential relationship

3

[is] desired and intended." <u>Wang Labotatories</u>, 762 F. Supp. at
1248.  That Plaintiffs' counsel may have relayed some facts
related to the case to Key does not somehow transform the
conversation to one of confidence.  "[A] confidential
relationship is not necessarily established just because some
information concerning the litigation is shared."  <u>Hewlett-
Packard Co. v. EMC Corp.</u>, 330 F. Supp. 2d 1087, 1094 (N.D. Cal.
2004); <u>see also</u> <u>Larson v. Rourick</u>, 284 F. Supp. 2d 1155, 1158
(N.D. Iowa 2003) ("To get to the point where an [] expert is
comfortable proceeding to the step of reviewing factual
information, the plaintiffs' counsel must necessarily review
certain basic facts and theories concerning the litigation.").

Once the Court concludes that the party moving for
disqualification has failed to meet its burden of establishing a
confidential relationship, it need not address the second prong
of the test.  Here, even were the Court to assume that Plaintiffs
had established a reasonable expectation of a confidential
relationship, it would also conclude that Plaintiffs failed to
meet their burden as to the second prong needed for
disqualification.  While Landolt avers in general terms that he
"incorporated into the discussion several facts which [he] had
gathered in interviews with [his] clients," and "discussed [his]
theory of the case in detail," he does not specify what those
facts or details might be.[1]  Key asserts, in response, that he

---

[1] Obviously, Plaintiffs would not include information that
they are asserting is confidential in their filed pleadings.

4

heard nothing from Plaintiffs' counsel about the case that was not contained in the police reports or reported in the newspapers.  Without some indication from Plaintiffs as to what confidential information was passed to Key, the Court cannot conclude that Plaintiffs have met the burden of establishing this second prong.

For these reasons, the Court will deny Plaintiffs' motion to disqualify Mr. Key as an expert witness.   A separate order consistent with this memorandum will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: March 2, 2007

_____

They could, of course, have presented that information to the Court for in camera review.